An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL CASTILLO, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61433

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant argues that the district court erred by not considering his claim that he is actually innocent of the crimes for which he was convicted. His claim encompasses two aspects—(1) a tainted photographic lineup violated his constitutional confrontation rights and absent admission of the identification, no other evidence implicated him in the crime and (2) the victim did not describe the assailant as having a "creased forehead" or wearing glasses, attributes appellant had, and therefore appellant could not have been the assailant. Although appellant frames his complaint as an actual innocence claim, he essentially argues that the evidence was insufficient to support his conviction. A challenge to the sufficiency of the evidence is appropriate for direct appeal absent a demonstration of good cause and prejudice, see NRS 34.810(1)(b)(2), which he has not shown. Moreover, even considering appellant's claim in the context of actual innocence, that principle is relevant where a post-conviction habeas petitioner is unable overcome statutory procedural

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07622

default rules barring an untimely or successive petition. See Clem v. State, 119 Nev. 615, 621, 81 P.3d 521, 526 (2003). Appellant's petition was not procedurally barred. We therefore conclude that no relief is warranted.

Appellant also argues that the district court erred by denying his claim that appellate counsel was ineffective for not raising a claim of actual innocence on appeal. As explained above, actual innocence is not appropriately raised on direct appeal and therefore appellate counsel was not deficient for failing to seek relief on that basis. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (concluding that to show ineffective assistance under Strickland, a defendant must show deficient performance and that omitted issue had reasonable probability of success on appeal). To the extent that appellant's claim may be construed as challenging appellate counsel's failure to contest the sufficiency of the evidence based on the photographic lineup and appellant's identity, we conclude that his claim lacks merit considering the record before us. Therefore no relief is warranted.

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                          Saitta

cc:    Hon. Linda Marie Bell, District Judge
       Kristina M. Wildeveld
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk